UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRIDIS LABORATORIES, LLC,
a Michigan limited liability company, and
VIRIDIS NORTH, LLC,
a Michigan limited liability company,                       No. 1:22-cv-283

     Plaintiffs,                                                  HON. PAUL MALONEY

v                                                           MAG. JUDGE PHILLIP J. GREEN

JULIE KLUYTMAN, an individual,
DESMOND MITCHELL, an individual,
ALLYSON CHIRIO, an individual, and
CLAIRE PATTERSON, an individual,                            **ORAL ARGUMENT
                                                            REQUESTED**

     Defendants.

_____

David R. Russell (P68568)                    Erika N. Marzorati (P78100)
Brandon M. H. Schumacher (P82930)            Adam M. Leyton (P80646)
Attorneys for Plaintiffs                     Attorneys for Defendants
FOSTER, SWIFT, COLLINS & SMITH, P.C.         Michigan Department of
313 S. Washington Square                     Attorney General
Lansing, MI 48933                            Licensing and Regulation Division
(517) 371-8150                               525 West Ottawa Street
drussell@fosterswift.com                     P.O. Box 30758
bschumacher@fosterswift.com                  Lansing, Michigan 48909
                                             (517) 335-7569
                                             marzoratie1@michigan.gov
Kevin M. Blair (P76927)                      leytona1@michigan.gov
Co-Attorney for Plaintiffs
HONIGMAN, LLP
222 N. Washington Square, Suite 400
Lansing, MI 48933
(517) 377-0716
kblair@honigman.com

_____/


**<u>DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS</u>**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

Page

Index of Authorities ........................................................................................... 2

Concise Statement of Issues Presented ............................................................. 4

Controlling or Most Appropriate Authority ...................................................... 4

Introduction ....................................................................................................... 5

Statement of Facts ............................................................................................. 5

Standard of Review ........................................................................................... 15

Argument ........................................................................................................... 16

I.      Plaintiffs' claims should be dismissed pursuant to res judicata and
        collateral estoppel because the claims and pertinent issues were
        previously decided by the Michigan Court of Claims. ........................... 16

        A.      Plaintiffs' claims are barred by res judicata. ........................... 16

        B.      Collateral estoppel also bars Plaintiffs from re-litigating the
                same issues previously decided by the Court of Claims. ......... 18

Conclusion and Relief Requested ...................................................................... 20

Certificate of Compliance .................................................................................. 21

Certificate of Service ......................................................................................... 22

# INDEX OF AUTHORITIES

Page

**Cases**

*Adair v. Michigan*, 680 N.W.2d 386 (Mich. 2004) .............................................. 4, 16-17

*Agema v. City of Allegan*, 826 F.3d 326 (6th Cir. 2016) ............................................ 15

*Armengau v. Cline*, 7 F. App'x 336 (6th Cir. 2001) ................................................... 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................... 15

*Codden v. Manistee Area Pub. Sch. Bd. of Ed.*,
 842 F. App'x 985 (6th Cir. 2021) ....................................................................... 17, 18

*Handy-Clay v. City of Memphis*, 695 F.3d 531 (6th Cir. 2012) ................................. 15

*McCoy v. Michigan*, 369 F. App'x 646 (6th Cir. 2010) .............................................. 17

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984). ........................... 16

*Monat v. State Farm Ins. Co.*, 677 N.W.2d 843 (Mich. 2004) .............................. 18, 19

*Thomas v. Noder-Love*, 621 F. App'x 825 (6th Cir. 2015) ......................................... 15

**Statutes**

28 U.S.C. § 1738................................................................................................. 16

Mich. Comp. Laws § 333.27001(1) ................................................................... 6

Mich. Comp. Laws § 333.27101 *et seq.*,
 Medical Marihuana Facilities Licensing Act ....................................................... 5

Mich. Comp. Laws § 333.27302(i) ................................................................... 6

Mich. Comp. Laws § 333.27951 *et seq.*,
 Michigan Regulation and Taxation of Marihuana Act.......................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................ 5, 12, 15, 16, 19

Mich. Admin. Code r. 420.1 et seq. ................................................................ 6

Mich. Admin. Code r. 420.107(3)(f)(ii) ................................................................ 6

Mich. Admin. Code r. 420.305 ................................................................ 6

Mich. Admin. Code r. 420.502(2) ................................................................ 6

Mich. Admin. Code r. 420.706 ................................................................ 6

## CONCISE STATEMENT OF ISSUES PRESENTED

1.    Should Plaintiffs' claims be dismissed pursuant to res judicata and collateral estoppel because the claims and pertinent issues were previously decided by the Michigan Court of Claims?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>:    *Adair v. Michigan*, 680 N.W.2d 386 (Mich. 2004).

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984).

*Monat v. State Farm Ins. Co.*, 677 N.W.2d 843 (Mich. 2004).

# INTRODUCTION

Plaintiffs previously filed suit in the Michigan Court of Claims alleging various claims against the Marijuana Regulatory Agency (MRA) and four of its employees.  The state court claims included alleged state and federal due process and equal protection violations resting on facts nearly identical to those in the instant case.

Plaintiffs' alleged Constitutional violations were analyzed and decided with finality by the Michigan Court of Claims in a valid and final decision following a two-day evidentiary hearing.  Plaintiffs now seek to re-litigate the same claims against individual MRA employees who share a substantial identity of interests with their government agency employer.

Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel because the claims and pertinent issues were previously decided by the Michigan Court of Claims.  Therefore, this Court should dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6).

# STATEMENT OF FACTS

## An Overview of Marijuana Regulation in Michigan

In 2016, Michigan's legislature enacted the Medical Marihuana Facilities Licensing Act (MMFLA) to license and regulate medical marihuana facilities. Mich. Comp. Laws § 333.27101 *et seq.*  Two years later, the voter-initiated Michigan Regulation and Taxation of Marihuana Act (MRTMA) established a system to

license and regulate businesses that engage in the commercial production and distribution of adult-use marijuana in Michigan. Mich. Comp. Laws § 333.27951 *et seq.*

The MRA is responsible for administering and enforcing Michigan's medical and adult-use marijuana laws. Mich. Comp. Laws § 333.27001(1). In keeping with this responsibility, the MRA promulgated administrative rules for medical and adult-use marijuana businesses. Mich. Admin. Code r. 420.1 *et seq.* Among other things, the rules require licensed safety compliance facilities to maintain MRA-approved standard operating procedures, Mich. Admin. Code r. 420.305, and ensure that marijuana tests are conducted under approved procedures and that results are accurate and valid, Mich. Admin. Code r. 420.107(3)(f)(ii). The MRA may place an administrative hold on or recall marijuana products Mich. Admin. Code r. 420.502(2).

**MRA's Investigation into Plaintiffs' Safety Compliance Facilities**

Plaintiffs hold state licenses to operate medical and adult-use marijuana safety compliance facilities in Bay City and Lansing, Michigan. In June 2021, the MRA issued the first of five still-pending formal complaints alleging Plaintiffs' facilities at both locations violated various administrative rules.

On October 25, 2021, Plaintiffs filed their own complaint against the MRA, alleging that the MRA's investigative procedures have unreasonably disrupted Plaintiffs' business operations. See Mich. Comp. Laws § 333.27302(i); Mich. Admin. Code r. 420.706. This matter was scheduled for a December 2021 contested case hearing before an administrative law judge within the Michigan Office of

Administrative Hearing and Rules, but was adjourned to April 20, 2022, for a prehearing conference after Plaintiffs indicated they needed more time to prepare for hearing.  Plaintiffs amended their complaint against the MRA on January 7, 2021.  (PageID.63-104.)

Meanwhile, on October 26 and 27, 2021, the MRA conducted on-site audits of Plaintiffs' Lansing and Bay City facilities and determined neither lab was testing marijuana in conformance with its standard operating procedures, resulting in inaccurate and unreliable microbial test results.  (PageID.131-149.)  The MRA provided Plaintiffs with corrective action plans to address their nonconformances. (*Id.*)  Meanwhile, the MRA continued its effort to obtain any information Plaintiffs had to demonstrate that their previous results were accurate and reliable—for example, logs or other documentation confirming Plaintiffs had incubated microbial test samples for an appropriate time and at an appropriate temperature. (PageID.234-278.)  Plaintiffs were unable or unwilling to provide such information.

On November 17, 2021, the MRA recalled all marijuana products, except inhalable concentrates, that Plaintiffs tested from August 10 to November 16, 2021. (PageID.295-297.)  The recall bulletin indicated that the MRA's investigation was still ongoing and included standard language directing consumers to report any adverse product reactions to the MRA.  (PageID.296.)  On November 25, 2021, the MRA advised Plaintiffs that after reviewing all information then available, Plaintiffs' marijuana product testing was in conformance with their approved microbial testing procedures and confirmed that Plaintiffs may carry out that testing in conformance with their approved procedures.

**Court of Claims Case**

In late November 2021, Plaintiffs filed a complaint in the Court of Claims, (Ex. 1, Pls.' Ct. of Claims Compl.), along with a motion for a temporary restraining order and preliminary injunction (Ex. 2, Pls.' Ct. of Claims Mot. for Prelim. Inj.). Plaintiffs named the MRA as a defendant, along with four MRA employees in their individual capacities: Executive Director Andrew Brisbo, Desmond Mitchell, Claire Patterson, and Julie Kluytman.  (Ex. 1, Pls.' Ct. of Claims Compl.)  Plaintiffs alleged 10 counts in this state court complaint.

In Count I (Preliminary and Permanent Injunction), Plaintiffs sought to permanently enjoin the MRA and Executive Director Brisbo from "enforcing and carrying out the recall" of Plaintiffs' tested marijuana products.  (Ex. 1, Pls.' Ct. of Claims Compl., pp. 29-33.)

In Count II (Writ of Mandamus and Motion for Ex Parte Relief), Plaintiffs sought a writ of mandamus directing the MRA to "immediately commence proceedings before an administrative law judge relating to the propriety and appropriateness of the MRA's effective, partial suspension of Plaintiffs' licenses regarding microbial analysis." (Ex. 1, Pls.' Ct. of Claims Compl., pp. 33-37.)

In Count III (Declaratory Judgment that the Microbial Rule and Log Rule are Procedurally and Substantively Invalid), Plaintiffs alleged the MRA created two new rules and requested a judgment declaring that the rules were invalid and a permanent injunction preventing the MRA from enforcing the rules.  (Ex. 1, Pls.' Ct. of Claims Compl., pp. 37-42.)

In Count IV (Declaratory Judgment that the MRA Lacks Authority to Summarily Restrict Business Licenses), Plaintiffs alleged the MRA "summarily restricted Plaintiffs' licenses to conduct microbial analysis"; requested a judgment declaring that "the MRA lacks authority to summarily restrict a marijuana business's license and instead must follow the procedures set forth in its own rules, the APA, and fundamental principles of due process; and sought to enjoin the MRA from "summarily restricting any license" or "deviating from the appropriate process or ignoring fundamental procedural safeguards." (Ex. 1, Pls.' Ct. of Claims Compl., pp. 42-46.)

In Count V (Violation of Plaintiffs' Procedural Due Process Rights), Plaintiffs alleged the MRA and the named Defendant employees deprived them of a "vested property interest in their licenses as a marijuana safety compliance facility to test cannabis products and a liberty interest to engage in their chosen profession and line of work" by failing to provide "notice of the MRA's intent to restrict or . . . effectively suspend their licenses," failing to provide "the opportunity to challenge the appropriateness of the MRA's recall of their tested marijuana products," and failing to provide an opportunity to "contest the MRA's actions in front of a neutral decision maker." (Ex. 1, Pls.' Ct. of Claims Compl., pp. 47-51.) Plaintiffs sought a judgment for damages against Defendant employees Patterson, Kluytman, and Mitchell; an injunction preventing the MRA and Executive Director Brisbo from "carrying out the recall"; and an injunction preventing Patterson, Kluytman, and Mitchell from

"further depriving" Plaintiffs of their rights under the Michigan and U.S. Constitutions.  (*Id*.)

In Count VI (Violation of Plaintiffs' Substantive Due Process Rights), Plaintiffs similarly alleged the MRA and the named Defendant employees deprived them of a property interest in their marijuana business licenses and a liberty interest to engage in their chosen profession.  (Ex. 1, Pls.' Ct. of Claims Compl., pp. 50-53.) This was based on allegations that the MRA "wrongfully targeted Plaintiffs to further its political objective[s]," "wrongfully targeted Plaintiffs in retaliation . . . for filing an administrative complaint against the MRA for unnecessarily disrupting their business operations," "wrongfully treated Viridis as a collective entity instead of different business entities" in issuing the recall, and "wrongfully and arbitrarily included *all* cannabis products tested by Plaintiffs as part of its recall.  (*Id*.)  Plaintiffs request for relief mirrored that in their procedural due process claim.  (*Id*.)

In Count VII (Violation of Plaintiffs' Equal Protection Rights), Plaintiffs alleged the MRA and its employees "treated [Plaintiffs] disparately from other similarly situated marijuana safety compliance facilities" when the MRA recalled Plaintiffs' tested marijuana products.  (Ex. 1, Pls.' Ct. of Claims Compl., pp. 53-56.) Plaintiffs based this claim on allegations that the MRA did not issue a recall of two other safety compliance facilities' tested products "immediately" or at all when taking enforcement action against these other licensees.  (*Id*.)  Plaintiffs sought the same injunctive relief and damages in this claim as for their due process claims.  (*Id*.)

In Count VIII (Tortious Interference with Business Relationships, Expectancies, and Contracts), Plaintiffs sought monetary damages against Defendant employees Patterson, Kluytman, and Mitchell based on allegations that the MRA employees "intentionally and improperly undertook efforts to interfere with Plaintiffs' business relationships, expectations, and contracts by improperly instituting" the recall and two "rules" that Plaintiffs alleged the MRA improperly promulgated.  (Ex. 1, Pls.' Ct. of Claims Compl., pp. 56-57.)

In Count X[1] (Abuse of Process), Plaintiffs sought monetary damages against Defendant employees Patterson, Kluytman, and Mitchell based on allegations that the employees had "ulterior motives" for instituting the allegedly improper rules and recall and "used process in a manner that is improper in the regular prosecution of proceedings."  (Ex. 1, Pls.' Ct. of Claims Compl., pp. 57-59.)

Finally, in Count XI (Civil Conspiracy), Plaintiffs sought monetary damages against Defendant employees Patterson, Kluytman, and Mitchell based on claims the MRA employees took "concerted actions" and engaged in "several underlying torts with each other . . ."  (Ex. 1, Pls.' Ct. of Claims Compl., pp. 59-60.)

A two-day hearing was held on Plaintiffs' motion for a preliminary injunction. The Court of Claims granted in part and denied in part Plaintiffs' motion.  (Ex. 3, Ct. of Claims Ord. on Pls.' Mot. for Prelim. Inj.)  Specifically, the Court enjoined the November 17, 2021 recall as it pertained to Plaintiff Viridis North, LLC, and denied

---

[1] Plaintiffs' Court of Claims complaint did not include a count numbered IX.

all other requested relief, including as to the recall related to Plaintiff Viridis Laboratories, LLC.  (*Id*. at 13)

On December 15, 2021, the MRA and the named defendant employees moved for summary disposition.  The Court of Claims granted Defendants' motion in part as to all claims except for Plaintiff Viridis North's substantive due process claim, on which the motion was denied.  (Ex. 4, Ct. of Claims Ord. on Ds.' Mot. for Summ. Disp.)  The Court found that "[b]y all accounts, plaintiffs' licenses were never suspended by the MRA" and that even if Plaintiffs' licenses were restricted, or if Plaintiffs perceived that their licenses were restricted, the issue had been rectified and was moot.  (*Id*. at 9-10.)  Thus, the Court of Claims held that Plaintiffs' procedural due process claims failed.  (*Id*. at 11.)

As to the substantive due process claims, the Court of Claims granted the requested injunction as to Plaintiff Viridis North based on the court's determination that the MRA had not based its recall on retested products originally tested by Viridis North, which the court noted was a separate legal entity.  (*Id*. at 11-12.)  Recognizing, however, that Michigan's administrative code gave the MRA authority to issue a recall to ensure safe access to marijuana products, the Court of Claims declined to enjoin the recall as to Plaintiff Viridis Laboratories, finding evidence that "there were accuracy and reliability issues" with tests performed at that location.  (*Id*. at 12-13.)  In its opinion, the court noted that, "[w]hile plaintiffs disagreed with the results as well as the decision to issue the recall . . . an agency's decision is not arbitrary merely because plaintiffs disagree with the decision."  (*Id*. at 12.)

12

Plaintiffs' equal protection claim before the Court of Claims similarly failed. (*Id.* at 13-14.)  The Court of Claims found, and Plaintiffs conceded, that no suspect or quasi-suspect classification was at issue and that rational basis review applied to the claim.  (*Id.* at 13.)  The court held that Plaintiffs failed to plead or show that they "are in fact similarly situated to the other entities that purportedly faced lesser punishments from the MRA" or adequately explained how "the circumstances present with those other entities are similar to those present in the instant case." (*Id.* at 14.)  Finally, the court held that Plaintiffs failed to demonstrate that the MRA lacked a rational basis for a recall to ensure safe sources of marijuana products.  (*Id.*)

Regarding the remaining claims in the complaint, the Court of Claims dismissed Count I (injunction) based on Plaintiffs' agreement and dismissed Count II (mandamus) based on Plaintiffs' agreement the issue was moot "given that the MRA has ceased any activities that affected plaintiffs' licenses."  (*Id.* at 7.)  The court denied the declaratory relief Plaintiffs requested in Counts III and IV.  (*Id.* at 8-10.) Finally, the court dismissed the individual defendants based on Plaintiffs' concession that the court lacked jurisdiction over them, along with the claims alleging Kluytman, Mitchell, and Patterson engaged in tortious interference, abuse of process, and a civil conspiracy.  (*Id.* at 6-7.)

On March 16, 2022, the Court of Claims denied Plaintiffs' motion for partial reconsideration.  (Ex. 5, Ct. of Claims Ord. on Pls.' Mot. for Part. Reconsid.)

**Plaintiff's Instant Complaint**

On February 18, 2022, Plaintiffs filed the instant complaint in the State of Michigan, Ingham County Circuit Court.  (PageID.6-46.)  Defendants removed the matter to this Court on March 25, 2022.  (Page.ID.1-4.)

In the instant complaint, Plaintiffs assert due process and equal protection claims nearly identical to those filed in the Court of Claims, except that Plaintiffs now rest their claims wholly on alleged violations of the United States Constitution.  (PageID.6-46.)  As in the Court of Claims, Plaintiffs' complaint names MRA employees Kluytman, Mitchell, and Patterson, in their individual capacities, as Defendants.  (*Id*.)  Plaintiffs also name MRA employee Allyson Chirio as a Defendant in her individual capacity.  (*Id*.)  Plaintiffs premise their claims on a recitation of facts nearly identical to that in the complaint previously filed in the Court of Claims, with no new facts alleging specific conduct attributable to the individual defendants.  (*Id*.)

Plaintiffs' complaint should now be dismissed for the reasons set forth below.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case when the complaint fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012).  The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference."  *Handy-Clay*, 695 F.3d at 539 (internal citations and quotation marks omitted).  In other words, a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555-56.  The Sixth Circuit has explained, "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability.  The facts cannot make it merely possible that the defendant is liable; they must make it plausible."  *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In ruling on a motion to dismiss, the Court may consider the complaint, as well as documents referenced in the plaintiff's complaint that are central to the plaintiff's claims, matters of which a court may take judicial notice, public records, and letters that constitute governmental agency decisions.  *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001).

## ARGUMENT

Plaintiffs allege three counts in their complaint pursuant to 42 U.S.C. § 1983: (1) a federal procedural due process violation, (2) a federal substantive due process violation, and (3) a federal equal protection violation.  (PageID.38-46.)  However, Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel because the claims and pertinent issues were previously decided by the Michigan Court of Claims.  Thus, dismissal is proper under Rule 12(b)(6).

**I.    Plaintiffs' claims should be dismissed pursuant to res judicata and collateral estoppel because the claims and pertinent issues were previously decided by the Michigan Court of Claims.**

A state-court judgement that is entitled to preclusive effect in the rendering state is equally entitled to the same preclusive effect in federal court.  28 U.S.C. § 1738.  To determine the preclusive effect that a prior state court judgment would have on a present federal action, a federal court must apply the law of preclusion of the state in which the prior judgment was rendered.  See *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).  To that end, the doctrines of res judicata and collateral estoppel may be invoked in federal court to bar previously litigated claims and issues in Michigan courts.  *Id.*

**A.    Plaintiffs' claims are barred by res judicata.**

With respect to res judicata, a previously litigated claim is entitled to preclusive effect if "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was,

16

or could have been, resolved in the first." *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004).

Parties are in "privity" for purposes of res judicata preclusion when they share a "working functional relationship" and a "substantial identity of interests." *Adair*, 680 N.W.2d at 396.  "Perfect identity of the parties is not required" to establish privity; rather, only a "substantial identity of interests" between the first and second litigants is required.  *Id.* at 397.

To that end, employees of governmental bodies may establish privity with their governmental employer when the employer was previously sued based on the same alleged facts.  For example, in *Codden v. Manistee Area Pub. Sch. Bd. of Ed.*, 842 F. App'x 985 (6th Cir. 2021), the Sixth Circuit held that, under Michigan law, members of a Michigan school board shared a working functional relationship and a substantial identity of interests with their employer, a school district previously sued on the same facts.  *Id.* at 988.  As such, the Sixth Circuit found the existence of privity between the parties and reasoned that the school district "cannot act except through the actions of its employees and Board members."  *Id.*; *see also McCoy v. Michigan*, 369 F. App'x 646, 650 (6th Cir. 2010) (finding privity between a Michigan governmental agency defendant and its employees later sued in their individual capacities).

Turning to the instant case, the Michigan Court of Claims previously analyzed and decided Plaintiffs' procedural due process, substantive due process, and equal protection claims against the MRA on the merits in its February 2022

order.  (Ex. 4, Ct. of Claims Ord. on Ds.' Mot. for Summ. Disp.)  Moreover, the complaint now before this Court alleges identical claims based on the same underlying facts against the MRA's privies—MRA employees Kluytman, Mitchell, Chirio, and Patterson.  Like in *Codden*, the Plaintiffs may not sue the Defendants for conduct that allegedly occurred in the course of their governmental employment after the same claims against their employer were resolved against them.  Finally, Plaintiffs' due process and equal protection claims before this Court could have been—and in fact were—resolved by the Court of Claims.  Thus, these claims are barred by the doctrine of res judicata.

### B.    Collateral estoppel also bars Plaintiffs from re-litigating the same issues previously decided by the Court of Claims.

Plaintiffs are likewise barred by collateral estoppel from re-litigating the underlying factual issues at the heart of the claims.  Generally, collateral estoppel is appropriate where: "(1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full [and fair] opportunity to litigate the issue; and (3) there must be mutuality of estoppel."  *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845-46 (Mich. 2004) (punctuation modified).  When collateral estoppel is applied defensively against a party that has already had a full and fair opportunity to litigate the issue, Michigan law does not require mutuality of the parties.  *Id.* at 852.

18

Collateral estoppel is appropriate here.  As a threshold matter, privity of the parties is *not* required because Defendants are asserting collateral estoppel defensively.  See *Monat,* 677 N.W.2d at 852.  Moreover, the questions of fact actually litigated in the Court of Claims involve the same issues raised in Plaintiffs' complaint before this Court: whether the MRA "restrict[ed] and effectively suspend[ed]" Plaintiffs' licenses without due process (*see, e.g.,* PageID.39); whether the MRA wrongfully recalled Plaintiffs' tested products (*see, e.g.*, PageID.42); and whether the MRA treated Plaintiffs differently than other similarly situated licensees (*see, e.g.,* PageID.44).  Plaintiffs previously had a full and fair opportunity to litigate the issues, including during a two-day evidentiary hearing before the Court of Claims.  And, the Court of Claims analyzed and issued a valid, final judgment deciding each of the issues presented here.  Accordingly, Plaintiffs' claims may not survive because the underlying factual issues necessary to plead them have already been resolved in the MRA's favor.

Because Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel, dismissal is proper under Rule 12(b)(6).

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated herein, Defendants Kluytman, Mitchell, Chirio, and

Patterson respectfully request that this Honorable Court grant this motion and

dismiss Plaintiffs' claims.

Respectfully submitted,

s/ Erika N. Marzorati
Erika N. Marzorati (P78100)
Adam M. Leyton (P80646)
Assistant Attorneys General
Attorneys for Defendants
Michigan Department of Attorney General
Licensing and Regulation Division
525 West Ottawa Street
P.O. Box 30758
Lansing, Michigan 48909
(517) 335-7569
marzoratie1@michigan.gov
leytona1@michigan.gov
P78100, P80646

Dated:  April 1, 2022

## CERTIFICATE OF COMPLIANCE

The undersigned attorney for Defendants hereby certifies that the foregoing Defendants' Brief in Support of Motion to Dismiss complies with the type-volume limitation of LCivR 7.2(b)(i) in that, Word – Microsoft 365 for Enterprise, the word-processing system used to prepare the brief indicates that the brief contains 4,360 words.

Respectfully submitted,

s/ Erika N. Marzorati
Erika N. Marzorati (P78100)
Adam M. Leyton (P80646)
Assistant Attorneys General
Attorneys for Defendants
Michigan Department of Attorney General
Licensing and Regulation Division
525 West Ottawa Street
P.O. Box 30758
Lansing, Michigan 48909
(517) 335-7569
marzoratie1@michigan.gov
leytona1@michigan.gov
P78100, P80646

Dated:  April 1, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2022, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

s/ Erika N. Marzorati
Erika N. Marzorati (P78100)
Assistant Attorney General
Attorney for Defendants
Licensing and Regulation Division
525 West Ottawa Street
P.O. Box 30758
Lansing, Michigan 48909
(517) 335-7569
marzoratie1@michigan.gov
P78100

LF: Viridis Laboratories et al v Kluytman (USDC-WD) / 2022-0342761-B / Brief in Support of Motion to Dismiss