# Ex. 4, Court of Claims Order on Defendants' Motion for Summary Disposition

# STATE OF MICHIGAN

# COURT OF CLAIMS

VIRIDIS LABORATORIES, L.L.C., and VIRIDIS NORTH, L.L.C.,

      Plaintiffs,

v

MICHIGAN MARIJUANA REGULATORY AGENCY, ANDREW BRISBO, Individually, JULIE KLUYTMAN, Individually, DESMOND MITCHELL, Individually, and CLAIRE PATTERSON, Individually,

      Defendants.
_____/

<u>OPINION AND ORDER</u>

Case No.  21-000219-MB

Hon. Thomas C. Cameron

Pending before the Court is defendants' December 15, 2021 motion for summary disposition filed under MCR 2.116(C)(4), (C)(7), and (C)(8).  Also pending before the Court is plaintiffs' January 12, 2022 motion to exceed page limits.  The motion to exceed page limits is GRANTED and plaintiffs' response brief is accepted for filing.  In addition, and for the reasons stated below, defendants' motion for summary disposition is GRANTED in part as to all claims except for plaintiff Viridis North, LLC's substantive due process claim, and DENIED in part as to that substantive due process claim.  Furthermore, summary disposition is GRANTED in part to plaintiff Viridis North, LLC as the non-moving party under MCR 2.116(I)(2), and defendant Michigan Marijuana Regulatory Agency is prohibited from enforcing the November 17, 2021 recall against Viridis North.  This matter is being decided without oral argument as allowed by Local Rule 2.119(A)(6).

-1-

I. BACKGROUND

A. THE RECALL OF PLAINTIFFS' PRODUCTS

The pertinent background information is largely set forth in the December 3, 2021 opinion and order issued by predecessor Judge Christopher M. Murray and need not be restated at length herein. In short, plaintiffs are limited liability companies that operate laboratories in Lansing (Viridis Laboratories, LLC) and Bay City (Viridis North, LLC). The entities share a name, but they are otherwise separate entities with separate ownership structures. According to the allegations in the complaint, plaintiffs are "safety compliance facilities" that are licensed under the Medical Marihuana[1] Facilities Licensing Act, MCL 333.27101 *et seq.*, and the Michigan Regulatory and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq*. Defendant Michigan Marijuana Regulatory Agency (MRA) regulates and licenses facilities such as plaintiffs.

This case involves plaintiffs' testing of marijuana products for the presence of bacteria, fungi—such as Aspergillus—and mold. After receiving complaints about the method plaintiffs used to test marijuana products, defendant MRA issued a recall bulletin on or about November 17, 2021. The bulletin recalled all products tested by plaintiffs between August 10, 2021, and November 16, 2021, with limited exceptions not pertinent to this case. The bulletin stated that the recall was issued due to inaccurate or unreliable results in product testing. Plaintiffs allege that the stated reason was a subterfuge and that defendants really intended to dilute plaintiffs' market share and to retaliate against plaintiffs for pursuing a separate administrative complaint against the MRA.

---

[1] While the Legislature uses the "marihuana" spelling, this Court uses the more common "marijuana" spelling, unless quoting from statute or referring to the title of pertinent acts.

B. PLAINTIFFS' COMPLAINT

Plaintiffs filed a ten-count complaint on November 22, 2021, that names as defendants the MRA and various MRA officials, but in their individual, rather than official, capacities.[2] The complaint takes aim at the recall as well as what plaintiffs have described as "de facto" rules—the "microbial rule" and the "log rule" that it claims are invalid. The complaint alleges that defendants prevented plaintiffs from performing microbial analysis on cannabis products and effectively suspended plaintiffs' licenses. Count I asks for injunctive relief to prevent defendants from enforcing the recall. Count II seeks a writ of mandamus directing the MRA to immediately commence administrative proceedings related to what the complaint describes as the propriety of the MRA's partial suspension of plaintiffs' licenses.

Counts III and IV seek declaratory relief. With respect to Count III, plaintiffs allege that the MRA improperly and arbitrarily created new rules—the "microbial rule" and the "log rule"— that are substantively and procedurally invalid. According to plaintiffs, the only relevant rule that has been promulgated in accordance with the appropriate standards is Mich Admin Code, R 420.502(2), but that rule does not provide standards that would allow the MRA to issue a recall notice. Plaintiffs ask the Court to declare that the microbial rule and log rule were created without resort to the notice-and-comment requirements contained within the Administrative Procedures Act (APA), MCL 24.201 *et seq*. They also ask the Court to declare that the purported rules are invalid in their substance because they are arbitrary and capricious.

---

[2] As will be discussed, plaintiffs have since conceded that the claims against the individual defendants should be dismissed.

The request for declaratory relief in Count IV asks the Court to declare that the MRA lacks authority to summarily restrict a marijuana business license. The complaint alleges that even if the MRA did not "suspend" plaintiffs' licenses, the Court should declare that the MRA does not have the ability to summarily "restrict" a license without following proper procedures. The actions taken by defendant in this case, allege plaintiffs, circumvented the normal procedural safeguards that would accompany a summary suspension and amount to a "contrived mechanism" employed by the MRA to impose restrictions without any procedural safeguards.

Counts V and VI allege procedural and substantive due process violations, respectively. According to the complaint, plaintiffs claim a vested property interest in their licenses issued under the MRA. Defendants denied plaintiffs the procedural protections afforded under the United States and Michigan Constitutions when they restricted or effectively suspended plaintiffs' licenses, according to plaintiffs. This includes, according to ¶¶ 233-234 of the complaint, but is not limited to, the lack of ability to challenge the microbial rule or the log rule. Count VI alleges a substantive due process violation stemming from what plaintiffs allege was wrongful and arbitrary conduct. Paragraph 259 of the complaint alleges that plaintiffs were deprived of their property and liberty interests and that such deprivation will continue if defendants are not prevented from enforcing the microbial rule or log rule.

Count VII of the complaint alleges a violation of plaintiffs' right to equal protection under the United States and Michigan constitutions. This count alleges that plaintiffs were treated differently from other similarly situated safety compliance facilities. The complaint cites an alleged incident where another laboratory purportedly admitted to falsifying records; however, that laboratory did not face a recall like the one issued against plaintiffs.

The remaining counts are asserted against defendants Julie Kluytman, Desmond Mitchell, and Claire Patterson. Count VIII seeks monetary damages against these individual defendants for alleged tortious interference with plaintiffs' business relationships and contracts. Count "X"[3] is asserted against the same individuals and it alleges abuse of process. Finally, Count "XI" alleges civil conspiracy against the individual defendants noted above.

C. PRELIMINARY INJUNCTION DECISION

Plaintiffs moved for a preliminary injunction and, in a December 3, 2021 opinion and order, Judge Murray granted the injunction in part and denied it in part. *Viridis Laboratories, LLC v Michigan Marijuana Regulatory Agency*, opinion and order of the Court of Claims, issued December 3, 2021 (Docket No. 21-000219-MB). At a hearing on the motion for preliminary injunction, defendant Claire Patterson testified that the MRA issued the recall for two reasons: (1) certain re-tested samples of products originally tested by the Lansing facility yielded unacceptable results; and (2) plaintiffs' facilities did not keep a temperature "incubation log." *Id*. at 3. Plaintiffs raised issues under the APA as well as substantive and procedural due process challenges under the United States and Michigan constitutions. *Id*. at 4. At that time, there was no dispute that plaintiffs were allowed to engage in all of their business operations because, one week after the issuance of the recall, the MRA informed plaintiffs that they could continue all testing operations. *Id*. at 5.

Turning first to plaintiffs' assertion that a "summary suspension" of their licenses occurred, Judge Murray rejected the assertion based on the record produced at the hearing on the motion for

---

[3] The number of claims in the complaint skips "Count IX." This opinion will use the numbers assigned to the counts in the complaint.

preliminary injunction. *Id.* at 7. Judge Murray also noted that injunctive relief would not be appropriate for the purported "restriction" of plaintiffs' licenses, as there was no dispute that plaintiffs resumed their full testing operations approximately one week after the recall issued. *Id.*

Next, Judge Murray addressed plaintiffs' contentions that the MRA, arbitrarily and without adherence to the APA, created "new rules" for marijuana-product recalls. *Id.* at 7-8. Judge Murray rejected the notion that the MRA created new rules; instead, the recall "was merely a decision to issue a recall based upon [the MRA's] power to do so and the existing circumstances." *Id.* at 8. While noting that the MRA's decision may have been arbitrary in part, Judge Murray concluded that the recall decision "itself was not, in essence, the adoption of a rule and plaintiffs have provided no authority providing that such a decision can be considered so." *Id.* Accordingly, "much of plaintiffs' arguments about the failure to comply with the APA are not on point." *Id.*

Finally, while the prior opinion rejected many of plaintiffs' arguments, Judge Murray nevertheless granted a preliminary injunction in a limited scope as it concerned the Bay City facility. To that end, there was no dispute that the only re-testing done by the MRA concerned the Viridis facility in Lansing, and not the facility in Bay City. *Id.* In addition, there was no dispute that the purportedly missing "incubation log" was not required by statute or rule. *Id.* at 8-9. As a result, and while recognizing the extraordinary nature of a preliminary injunction, Judge Murray enjoined the recall as it pertained to the Bay City facility. *Id.* at 9-13.

## D. SUMMARY DISPOSITION ARGUMENTS

On or about December 15, 2021, defendants moved for summary disposition under MCR 2.116(C)(4), (C)(7), and (C)(8). With respect to that portion of its motion under subrule (C)(4), defendants argue that this Court lacks jurisdiction over the individual defendants in their individual

capacities. In response, plaintiffs have subsequently conceded the same. In light of plaintiffs' concession, the Court will grant that portion of the motion as it concerns the individual defendants and they will be dismissed from this matter without prejudice to plaintiffs refiling in the appropriate court.

As it concerns that portion of the motion for summary disposition made under subrule (C)(7), the MRA argues that it is immune from plaintiffs' claims for money damages. Plaintiffs have conceded this matter as well and have withdrawn their claims to the extent they seek monetary damages against the MRA.

Finally, plaintiffs have conceded that Counts I and II should be dismissed as well. As it concerns Count I, the MRA argues, and plaintiffs concede, that a request for injunctive relief is not a standalone cause of action. See *Redmond v Heller*, 332 Mich App 415, 432; 957 NW2d 357 (2020). Plaintiffs agree to the dismissal of Count I, but they continue to asset they are entitled to injunctive relief on one or all of their remaining claims, which they assert are meritorious. With respect to the request for writ of mandamus pleaded in Count II, plaintiffs agree that the claim is moot and they agree that it should be dismissed, given that the MRA has ceased any activities that affected plaintiffs' licenses.

With those concessions by plaintiffs, all that remains are: (1) the due process and equal-protection claims pleaded in Counts V-VII; and (2) plaintiffs' claims for declaratory relief in Counts III-IV of the complaint.

## II. ANALYSIS

At the outset, the Court will set forth the appropriate standard of review for the pending motion. While the MRA primarily cites MCR 2.116(C)(8) with respect to the only claims that

remain after plaintiffs' concessions, the Court agrees with plaintiffs that MCR 2.116(C)(10) is the more appropriate subrule in light of the manner in which the issues have been briefed. See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). Indeed, both parties cite and rely on materials[4] that are not part of the pleadings, such as the evidence offered at the hearing on the motion for preliminary injunction. Under subrule (C)(10), the Court reviews "the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact." *Id*.

The Court next turns its attention, briefly, to the statutory authority of the MRA. The MRA is charged with administering and enforcing the state's marijuana laws—the Medical Marihuana Facilities Licensing Act and the Michigan Regulation and Taxation of Marihuana Act. MCL 333.27001(1). This includes promulgating and enforcing rules and enacting licensing procedures. MCL 333.27958(1)(a)-(b). Under Mich Admin Code, R 420.502(2), the MRA may, in order to "ensure access to safe sources of marihuana products," "recall marihuana products, issue safety warnings, and require a marihuana business to provide information material or notifications to a marihuana customer at the point of sale."

## A. COUNT III, IMPROPER RULEMAKING

The allegations contained in Count III contend that the MRA has adopted two rules, the "microbial rule" and the "log rule," and that the rules are invalid. Plaintiffs ask the Court to declare that these purported rules are invalid because their promulgation failed to comply with the APA

---

[4] Defendants did not attach any documents to their briefing, but their brief contains numerous citations to the hearing on the motion for preliminary injunction and to testimony offered at that hearing.

and because they are arbitrary and capricious. "Under MCR 2.605(A)(1), a court 'may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.' " *Federal Home Loan Mtg Corp v Werme*, 335 Mich App 461, 469; 966 NW2d 729 (2021), quoting MCR 2.605(A)(1). An "actual controversy" must exist in order for the court to issue declaratory relief. MCR 2.605(A)(1). For purposes of the rule, an "actual controversy" exists "when a declaratory judgment is necessary to guide a plaintiff's future conduct in order to preserve legal rights." *UAW v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012). "The essential requirement of an 'actual controversy' under the rule is that the plaintiff pleads and proves facts that demonstrate an adverse interest necessitating the sharpening of the issues raised." *Id*. (citation and some quotation marks omitted).

Count III of the complaint asks the Court to declare that the alleged microbial rule and log rule are invalid. However, the Court agrees with Judge Murray's analysis on a similar claim in the opinion and order denying injunctive relief. That is, it is apparent that the MRA did not, in fact, promulgate the alleged rules that lie at the heart of Count III. Instead, it merely enforced and applied an existing rule, R 420.502(2), that allowed it to issue a recall. A declaration is not needed to guide plaintiffs' conduct as it concerns rules that do not exist. See *UAW*, 295 Mich App at 495 (explaining that the "actual controversy" requirement "prevents a court from deciding hypothetical issues."). As a result, summary disposition is appropriate with respect to Count III.

B. COUNT IV, LICENSE "RESTRICTIONS"

Count IV asks the Court to declare that the MRA lacks authority to summarily "restrict" a license. By all accounts, plaintiffs' licenses were never suspended by the MRA. At most, the record contains some dispute as to whether plaintiffs were restricted or believed they were

-9-

restricted from performing certain testing activities.  There is no dispute at this time, however, that any such restriction or perceived restriction ended approximately two months ago.  The Court agrees with the MRA that any controversy related to the restriction or perceived restriction is moot at this time and that no live controversy exists.  See *UAW*, 295 Mich App at 495 (explaining that MCR 2.605 "incorporates the doctrines of standing, ripeness, and mootness.").  To that end, the only alleged injury occurred in the past and has been rectified.  And while plaintiffs have raised concerns about the potential for future restrictions on their licenses, the Court will not issue declaratory relief based on hypothetical or anticipated events.  *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 586; 957 NW2d 731 (2020).

C. COUNTS V AND VI, DUE PROCESS

The due-process guarantees afforded under US Const, Amend XIV, § 1, and Const 1963, art 1, § 17 are procedural and substantive in nature.  *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 197; 761 NW2d 293 (2008).  "Procedural due process requires notice and a meaningful opportunity to be heard before an impartial decision-maker." *In re TK*, 306 Mich App 698, 706; 859 NW2d 208 (2014).  Due process protections also incorporate a substantive component that "bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Zinermon v Burch*, 494 US 113, 125; 110 S Ct 975; 108 L Ed 2d 100 (1990) (citation and quotation marks omitted).  "[T]he essence of a substantive due process claim is the arbitrary deprivation of liberty or property interest." *Mettler Walloon*, 281 Mich App at 201 (emphasis omitted).  A litigant making a due-process claim under either component must establish a liberty or property interest. *Bonner v City of Brighton*, 495 Mich 209, 225-226; 848 NW2d 380 (2014).

Plaintiffs' procedural due process claim in Count V of the complaint alleges in ¶¶ 233-234 that plaintiffs were denied due process because they were not afforded an opportunity to participate in the MRA's promulgation of the purported "microbial rule" or "log rule," nor were they given an opportunity to challenge those rules. However, there can be no claim based on these allegations given that the evidence produced at the motion for preliminary injunction hearing showed, as noted above, that no such "rules" were ever promulgated.

Plaintiffs' allegations in Count V also contend that the MRA improperly suspended or restricted plaintiffs' license without affording them the process that they were due. The holder of a license possesses a property interest in the license that can give rise to due process protections. *Bundo v Walled Lake*, 395 Mich 679, 695; 238 NW2d 154 (1976). Here, however, there was no suspension of plaintiffs' licenses to conduct testing. Thus, plaintiffs' procedural due process claim must fail. In short, the procedures of which plaintiffs were allegedly deprived did not apply because they claim an interference with a property right—the suspension of their licenses—that did not occur.

While plaintiffs' procedural due process claim fails, though, the Court nevertheless agrees with Judge Murray's conclusion that the issuance of the recall as it concerned the Bay City facility was an arbitrary action that can give rise to a substantive due process violation. The due process clause protects against arbitrary government action, see *Bonner*, 495 Mich at 224; *Mettler Walloon*, 281 Mich App at 201, and the issuance of the recall against the Bay City facility was, on the Court's review of the record, arbitrary and without basis. Whether viewed as interference with a property right, or as interference with the facility's ability to engage in commerce in its chosen field, see *Wilkerson v Johnson*, 699 F2d 325, 328 (CA 6, 1983), the MRA's action with respect to the Bay City facility was arbitrary. Indeed, there was no re-testing that suggested a problem with

the facility's products and the facility was a separate legal entity from the Lansing facility. The record revealed no viable reason for extending the recall to the Bay City Facility. And as recognized by Judge Murray:

> Injunction is the appropriate remedy to determine whether rights have been affected by the arbitrary or unreasonable action of an administrative agency. If the discretionary power of an administrative agency is abused or its judgment improperly exercised, the judiciary has the right to restrain the same. [*Reed v Civil Serv Comm*, 301 Mich 137, 152; 3 NW2d 41 (1942).]

Furthermore, the threat of irreparable harm to the reputation of the Bay City facility arising out of the recall remains and has largely been left unrebutted. Such harm weighs in favor of issuing a permanent injunction to prohibit the MRA from enforcing the November recall against the Bay City facility. See *Slis v State*, 332 Mich App 312, 362-363; 956 NW2d 569 (2020); *Wiggins v City of Burton*, 291 Mich App 532, 558-559; 805 NW2d 517 (2011) (discussing injunctive relief). Likewise, the inadequacy of other available remedies and a weighing of the interests involved weigh in favor of granting permanent injunctive relief to the Bay City facility with respect to the MRA's arbitrary recall decision as to that facility. See *Kernen v Homestead Devel Co*, 232 Mich 503, 514; 591 NW2d 369 (1998).

The same arbitrary action was not, however, present with respect to the recall issued against the Lansing facility. The contains some evidence of defendants' assertions that there were accuracy and reliability issues with the product tested by the Lansing facility. While plaintiffs disagreed with the results as well as the decision to issue the recall—and the scope of the products recalled from the Lansing facility—an agency's decision is not arbitrary merely because plaintiffs disagree with the decision. See *Mich Farm Bureau v Dep't of Environmental Quality*, 292 /Mich App 106, 145; 807 NW2d 866 (2011). The administrative code gave the MRA authority to issue a recall to ensure safe access to marijuana products, and the Court declines, on the record before

-12-

it, to conclude that the safety recall with respect to the Lansing facility was arbitrary. See Mich Admin Code, R 420.502(2); *Henderson v Civil Serv Comm*, 321 Mich App 25, 44; 913 NW2d 665 (2017).

### D. COUNT VII, EQUAL PROTECTION

The equal-protection clauses of the United States and Michigan constitutions both provide that "no person shall be denied the equal protection of the law." *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 486 Mich 311, 318; 783 NW2d 695 (2010), citing US Const, Am XIV; Const 1963, art 1, § 2. The "threshold inquiry" for purposes of an equal-protection claim is "whether plaintiff has been treated differently from a similarly situated entity." *Id*. "To be considered similarly situated, the challenger and his comparators must be prima facie identical in all relevant respects or directly comparable . . . in all material respects." *Lima Twp v Bateson*, 302 Mich App 483, 503; 838 NW2d 898 (2013) (citation and quotation marks omitted). In general, an equal-protection analysis also demands an examination of whether the government actor has treated the plaintiff differently based on a suspect or quasi-suspect classification. *Shepherd Montessori*, 486 Mich at 319. Here, plaintiffs have conceded that no such classification is at play, and that the least demanding level of review—rational-basis review—applies to their equal-protection claim. Under this deferential standard of review, the agency action is presumed to be valid, and plaintiffs bear the burden of proving otherwise. *Ass'n of Home Help Care Agencies v Dep't of Health & Human Servs*, 334 Mich App 674, 394; 965 NW2d 707 (2020). A classification challenged under the rational-basis test will be upheld if it "is supported by any set of facts, either known or which could reasonably be assumed, even if such facts may be debatable." *Id*. (citation and quotation marks omitted).

While plaintiffs' complaint contains allegations regarding other, purported entities to which they are similarly situated, the Court concludes that plaintiffs fall short of pleading or showing that they are in fact similarly situated to the other entities that purportedly faced lesser punishments from the MRA. That is, although ¶ 277 of the complaint cites instances where other facilities did not face a product recall, it is not immediately apparent, and plaintiffs have not adequately explained how, the circumstances present with those other entities are similar to those present in the instant case. It is not apparent that the same or similar safety concerns cited in this case were involved in those other cases. Moreover, plaintiffs fail to show a lack of a rational basis in any event. Under Mich Amin Code, R 420.502(2), the MRA had authority to issue a recall to ensure access to safe sources of marijuana products. And here, the MRA identified testing discrepancies that implicated safety concerns. That the wisdom of such a recall is or could be debatable is not enough to survive rational-basis review or to establish an equal-protection claim. See *Ass'n of Home Help Care Agencies*, 334 Mich App at 694-695.

### III. CONCLUSION

IT IS HEREBY ORDERED that defendants' motion for summary disposition is GRANTED in part and DENIED in part. In addition, the dismissal against the individual defendants for lack of jurisdiction is without prejudice to plaintiffs refiling in the proper court.

IT IS HEREBY FURTHER ORDERED that summary disposition is GRANTED in part to plaintiff Viridis North, LLC, as the non-moving party. See MCR 2.116(I)(2). To that end, defendant MRA is hereby permanently enjoined from enforcing the November 17, 2021 recall as it pertains to plaintiff Viridis North, LLC.

-15-

IT IS HEREBY FURTHER ORDERED that plaintiffs' motion to exceed page limits is GRANTED and that plaintiffs' responsive brief is accepted for filing.

This is a final order that resolves the last pending claim and closes the case.

February 3, 2022

_____
Thomas C. Cameron
Judge, Court of Claims