freUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRIDIS LABORATORIES, LLC and )
VIRIDIS NORTH, LLC, )
     Plaintiffs, )
                )   No. 1:22-cv-283
-v- )
                )   Honorable Paul L. Maloney
JULIE KLUYTMAN, DESMOND MITCHELL, )
ALLYSON CHIRIO, and CLAIRE PATTERSON, )
       Defendants. )
_____ )

## OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS

Plaintiffs filed a lawsuit in the Michigan Court of Claims that included claims against these same four defendants in their individual capacities. The Court of Claims dismissed the individual capacity claims for lack of subject-matter jurisdiction. The court ultimately resolved some of the claims on the merits. Defendants argue that the doctrines of claim preclusion and issue preclusion require this Court to dismiss this lawsuit. (ECF No. 3.) The Court will grant Defendants' motion in part.

I.

A complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 768 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). To survive a motion to

dismiss, a plaintiff must allege facts sufficient to state a claim for relief that is "plausible on its face" and, when accepted as true, are sufficient to "raise a right to relief above the speculative level." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted).

Under certain circumstances, a defendant may raise res judicata and collateral estoppel in a motion to dismiss. "Res judicata and collateral estoppel are affirmative defenses that must be pleaded." *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (1971). A defendant may raise an affirmative defense in a motion to dismiss only when the "allegations in the complaint show that a defense exists that legally defeats the claim for relief." *Estate of Barney v. PNC Bank, N.A.*, 714 F.3d 920, 926 (6th Cir. 2013) (quoting *Marsh v. Genentech, Inc.*, 693 F.3d 546, 554 (6th Cir. 2012)); *see Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *see, e.g., Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 488-90 (6th Cir. 2014) (involving a motion to dismiss raising both res judicata and collateral estoppel). Defendants may properly raise res judicata and collateral estoppel in this motion because Plaintiffs plead the existence of the prior lawsuit in the Michigan Court of Claims and admit that the lawsuit initially included the individual capacity claims against these defendants. (ECF No. 1-1 Compl. ¶ 135 and n.4 PageID.33.)

## II.

Plaintiffs are facilities licensed to test cannabis products. In November 2021, the Michigan Cannabis Regulatory Agency (MCRA), formerly called the Marijuana Regulatory Agency, issued a recall of all cannabis products tested by Plaintiffs. Plaintiffs believe the

recall was part of a calculated campaign to dilute Plaintiff's market share and was also retaliation for Plaintiffs' use of the grievance procedures following investigations.

On November 17, 2021, Plaintiffs filed a verified complaint against the MCRA in the Michigan Court of Claims.[1] Plaintiffs sought a temporary restraining order and a preliminary injunction. Plaintiffs named, as defendants, the Michigan Marijuana Regulatory Agency, Andrew Brisbo, Julie Kluytman, Desmond Mitchell, and Claire Patterson. (ECF No. 3-2 Ct. of Claims Compl. PageID.378.) Plaintiffs sued the individual defendants in their individual capacities only. (*Id.*) Plaintiffs asserted ten counts or claims: (1) Preliminary and Permanent Injunction against the Agency and Brisbo; (2) Writ of Mandamus and Motion for Ex Parte Relief against the Agency; (3) Declaratory Judgment the Microbial Rule and the Log Rule; (4) Declaratory Judgment that the Agency Lacks Authority to Summarily Restrict Marijuana Business Licenses; (5) Violation of Procedural Due Process under the Michigan and Federal Constitutions against all defendants; (6) Violation of Substantive Due Process under the Michigan and Federal Constitutions against all defendants; (7) Violation of Equal Protection under the Michigan and Federal Constitutions against all defendant; (8) Tortious Interference with Business Relationships against Patterson, Kluytman and Mitchell; (10) Abuse of Process against Patterson, Kluytman and Mitchell; and (11) Civil Conspiracy.[2]

The Michigan Court of Claims declined to issue an ex parte temporary restraining order and established a briefing schedule for Plaintiff's request for a preliminary injunction.

---

[1]     Defendants attach the state-court complaint as an exhibit to the motion to dismiss. (ECF No. 3-2.) Plaintiffs acknowledge the existence of the document in the complaint. (ECF No. 1-1 Comp. ¶ 135 PageID.33.)
[2]     Plaintiffs did not include a "Count IX."

(ECF No. 3-4 Opinion and Order Regarding PI PageID.627.)  The court then held a two-day evidentiary hearing.  (*Id.*)  On December 3, 2021, the court granted Plaintiffs' request in part and denied the request in part.  (*Id.* PageID.639.)  Specifically, the court enjoined the recall as to Viridis North.  (*Id.*)  The court denied all other requests for relief.  (*Id.*)

On December 15, 2021, the defendants filed a motion for summary disposition. (ECF No. 3-5 Opinion and Order Regarding MSD PageID.641.)  On February 3, 2022, the court resolved the motion without a hearing.  The Court of Claims granted Defendants' motion for all claims except for the substantive due process claim and denied the motion as to the substantive due process claim.  (*Id.*)  The court granted Viridis North summary judgment (as a nonmoving party) on its substantive due process claim and permanently enjoined the Michigan Marijuana Regulatory Agency from enforcing the November 17, 2021, recall against Viridis North.  (*Id.*)

Plaintiff filed this lawsuit in the Ingham County Circuit Court on February 18, 2022. Defendants removed the lawsuit to federal court on March 25, 20222.

### III.

Our Constitution's Full Faith and Credit Clause, U.S. Const., Art. IV, § 1, implemented by the Federal Full Faith and Credit statute, 28 U.S.C. § 1738, requires federal courts give a state-court judgment the same preclusive effect that the judgment would receive under the law of the state where the judgment issued.  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see In re Piercy*, 21 F.4th 909, 920 (6th Cir. 2021) ("The preclusive effect of a state-court judgment is determined by the law of the state in which the judgment was entered.").  The rule applies to the doctrines of res judicata or claim preclusion

and collateral estoppel or issue preclusion.  *See Bates v. Twp. of Van Buren*, 459 F.3d 731,

734 (6th Cir. 2006) (res judicata); *Peterson v. Heymes*, 931 F.3d 546, 554 (6th Cir. 2019)

(collateral estoppel).

### A.  Res Judicata / Claim Preclusion

Res judicata precludes parties from relitigating claims in subsequent lawsuit that were

brought and that could have brought in the prior lawsuit.

> Under Michigan law, a "second, subsequent action" is barred by res judicata
> when "(1) the prior action was decided on the merits, (2) both actions involve
> the same parties or their privies, and (3) the matter in the second case was, or
> could have been, resolved in the first."  *Adair v. State*, 470 Mich. 105, 680,
> N.W.2d 386, 396 (2004) (citing *Sewell v. Clean Cut. Mgmt., Inc.*, 463 Mich.
> 569, 621 N.W.2d 222, 225 (2001)).  Res judicata is applied broadly by
> Michigan courts, barring "not only claims already litigated, but also every claim
> arising from the same transaction that the parties, exercising reasonable
> diligence, could have raised but did not."  *Id.* (citing *Dart v. Dart*, 460 Mich.
> 573, 597 N.W.2d 82 (1999)).

*AuSable River Trading Post, LLC v. Dovetail Sols., Inc.*, 874 F.3d 271, 274 (6th Cir. 2017);

*see Ludwig v. Twp. of Van Buren*, 682 F.3d 457, 460 (6th Cir. 2012).  If res judicata applies

under this test, a court must consider whether application of the state law would be "extreme"

and "inconsistent with a federal right that is fundamental in character."  *Ludwig*, 682 F.3d at

460 (quoting *Richards v. Jefferson Cty.*, 517 U.S. 793, 797 (1996)).

Defendants argue that the Michigan Court of Claims resolved on the merits Plaintiffs'

procedural due process claim, their substantive due process claim and their equal protection

claim.  Defendants contend they are in privity with the State of Michigan as there exists a

substantial identity of interests and the claims against the State and the claims against

Defendants individual rest on the same facts.

The Court disagrees with Defendants and concludes that res judicata does not apply to this set of facts.

Plaintiffs first argue that their constitutional claims against Defendants were not decided on the merits because those claims were dismissed for lack of subject-matter jurisdiction by the Michigan Court of Claims.  Plaintiff's argument misunderstands the nature of res judicata.  When a final judgment issues, and that judgment is on the merits, all claims that were brought are merged with the judgment and all claims that could have been brought are barred by that judgment.

Second, Plaintiffs argue that Defendants, sued in their individual capacities, are not considered in privity with their governmental employer.  Plaintiff reasons that finding privity under these circumstances would strip Plaintiffs of their ability to seek any redress from these particular individuals for their actions, an outcome that would be an extreme application of the doctrine under *Ludwig*.  Plaintiffs' reasoning here necessarily concedes that the individual defendants are in privity with their governmental employer.  Applying Michigan law, the Sixth Circuit reached the same conclusion: "This test is met when the previous governmental-unit (here, the MDOC) and the present-case Defendants (here, the individually named Defendants) have an employer-employee relationship, regardless of whether the claims in the first suit were brought against the Defendants in the same capacity as the claims in the second." *McCoy v. Michigan*, 369 F. App'x 646, 650 (6th Cir. 2010) (citing *Motuelle v. Ruffini*, No. 244557, 2004 WL 1254304, at *4 (Mich. Ct. App. June 8, 2004)); *see, e.g., Codden v. Manistee Area Publ Schs. Bd. of Educ.*, 842 F. App'x 985, (6th Cir. 2021) ("As a school district, MAPS cannot act except through the actions of its employees and Board

members.  Thus, the claims against Raddatz and the School Board members are intertwined with the defamation suit against MAPS.").

Third, Plaintiffs argue that the third element of res judicata does not apply.  Plaintiffs brought the individual capacity claims in the earlier lawsuit but those claims were dismissed without prejudice because the Michigan Court of Appeals could not exercise jurisdiction over the claims. The Court agrees. In situations where federal courts have granted summary judgment, dismissed federal claims and declined to exercise supplemental jurisdiction over state law claims, the Michigan Supreme Court rejected application of res judicata in later lawsuits filed in the state courts raising the dismissed state-law claims.  *Pierson Sand and Gravel, Inc. v. Keeler Brass Co.*, 596 N.W.2d 153, 155-56 (Mich. 1999); *see Bergeron v. Busch*, 579 N.W.2d 124, 129 (Mich. Ct. App. 1998) *leave to appeal denied following the Pierson opinion*, 603 N.W.2d 780 (Mich. 1999) (table opinion); *King v. Michigan Consol. Gas Co.*, 442 N.W.2d 714, 716 (Mich. Ct. App. 1989).

The authority and reasoning in *Pierson* and *Bergeron* support the conclusion that Michigan law would not apply res judicata in this factual situation.  *Pierson* and *Bergeron* both cited Restatement (Second) on Judgment § 25(e) favorably.  *Pierson*, 596 N.W.2d at 160 ("Accordingly, pursuant to the Restatement comment, res judicata will not act to bar plaintiff's claim."); *Bergeron*, 579 N.W.2d at 128 ("In our view, the Restatement Judgments, 2d provides the best legal position on this issue.")  Section 25, comment (e) of the Restatement on Judgments addresses claim splitting in both state and federal courts.

> e.  State and federal theories or grounds.  A given claim may find support in theories or grounds arising from both state and federal law.  When the plaintiff brings an action on the claim in a court, either state or federal, in which there

is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground shall be held not precluded.

Restatement (Second) of Judgments, § 25 cmt e (1982).  Because the Michigan Court of Claims lacked jurisdiction over the individual capacity claims against these defendants, res judicata does not apply to the bar the individual capacity claims filed in this action.

Because this Court must follow Michigan law concerning application of res judicata, and because the Court finds that Michigan courts would not apply res judicata under these factual circumstances, the Court declines to grant Defendants' motion to dismiss on the basis of res judicata.

### B.  Collateral Estoppel / Issue Preclusion

Under Michigan law, collateral estoppel or issue preclusion applies when (1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties must have had a full and fair opportunity to litigate the issue and (3) mutuality of estoppel exists. *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845-46 (Mich. 2004); *see Peterson*, 931 F.3d at 554 (citing *Monat*).  Michigan law does not require mutuality when a defendant invokes collateral estoppel defensively.  *Monat*, 677 N.W.2d at 844-45, 850; *Peterson*, 931 F.3d at 554.  The Michigan Supreme Court has recognized that a court may decline to apply collateral estoppel to prevent manifest injustice. *See Storey v. Meijer, Inc.*, 429 N.W.2d 169, 173 n.9 (Mich. 1988).

Defendants argue that Plaintiffs had a full and fair opportunity to litigate several issues in the Michigan Court of Claims: (1) whether the MCRA restricted and effectively suspended Plaintiffs' licenses without due process, (2) whether the MCRA wrongfully recalled Plaintiffs' products, and (3) whether the MCRA treated Plaintiffs differently than other similarly situated licensees.  Defendants contend the Michigan Court of Claims resolved each of these factual issues against Defendants and those issues were essential to the judgment.

Plaintiffs first argue that the claims in this lawsuit were dismissed without prejudice in the prior lawsuit and, therefore, the judgment in the prior lawsuit has no preclusive effect. Plaintiffs' argument misunderstands the nature of collateral estoppel.  The doctrine precludes relitigation of issues, not claims.  Where the parties previously litigated a fact that was necessary to the final judgment, the defendant may invoke collateral estoppel to prevent the plaintiff from relitigating a dispute of facts in a later lawsuit.

Second, Plaintiffs argue that the prior lawsuit did not resolve any issues as to these defendants because they were dismissed from the lawsuit.  Again, Plaintiffs' argument misunderstands the nature of collateral estoppel.  Defendants in this lawsuit may seek to prevent Plaintiffs from relitigating facts that were previously resolved against Plaintiffs— defensive collateral estoppel—even though Defendants were not involved in the prior lawsuit.

Third, Plaintiffs argue that the Michigan Court of Claims did not make rulings with respect to several alleged procedural due process violations.  Collateral estoppel prohibits Plaintiffs from relitigating their procedural due process claim. The Michigan Court of Claims dismissed the procedural due process claim because "the procedures of which plaintiffs were allegedly deprived did not apply because they claim an interference with a property right—

the suspension of their licenses—that did not occur."  (ECF No. 3-5 at 11 PageID.651.)

Plaintiffs made this same argument (that the Michigan Court of Claims did not address all of

their procedural due process claims) to the Michigan Court of Claims in a motion requesting

partial reconsideration of the order resolving the summary judgment motions.  (ECF No. 3-

3.)  The Michigan Court of Claims denied the motion for reconsideration.  (ECF No. 3-6

PageID.657.)  To the extent that the initial opinion might have left open a question about

Plaintiffs' procedural due process claims (it did not), the denial of Plaintiffs' motion for

reconsideration forecloses the relitigation of the facts underlying Plaintiffs' procedural due

process claim.

The Court reaches the same conclusion for Plaintiffs' Equal Protection claims.  The

Michigan Court of Claims dismissed the Equal Protection claims for two different reasons.

The first reason, Plaintiffs failed to plead facts to show they were similarly situated to other

entities (ECF No. 3-5 at 14 PageID.654), would not provide a basis for applying collateral

estoppel.  The "fact" the court found was a deficiency in the pleadings, a fact that would not

necessarily be dispositive in this lawsuit.  The second reason for granting summary judgment

and dismissing the Equal Protection claim does provide a basis for applying collateral

estoppel.  The court found that Plaintiffs did not show a lack of a rational basis because the

MCRA had the authority to issue a recall.  (*Id.*)  The Sixth Circuit, following an unpublished

Michigan Court of Appeals opinion, concluded that Michigan extends collateral estoppel to

alternative grounds contained in prior decisions.  *W.J. O'Neil Co. v. Shepley, Bulfinch,*

*Richardson & Abbott, Inc.,* 700 F. App'x 484, 492 (6th Cir. 2017) (citing *Dobrowski v. Jay*

*Dee Contractors, Inc.,* No. 288205, 2010 WL 293069, at *4 (Mich. Ct. App. Jan. 26, 2010));

*see In re Strozewski,* 458 B.R. 397, 406-07 (W.D. Mich. 2011) (predicting that the Michigan Supreme Court would find that alternative grounds would be considered essential to the judgment for purposes of collateral estoppel); *In re Frank,* 425 B.R. 435, 440-42 (W.D. Mich. 2010) (same).

For Plaintiff Viridis North's substantive due process claim, the outcome is different. The Michigan Court of Claims found in favor of Viridis North on its substantive due process claim. (ECF No. 3-5 at 11-12 PageID.651-52.) For Viridis North, Defendants have not identified a dispute of an essential fact that was resolved in a manner that could be applied defensively to preclude Viridis North from litigating the issue as part of a substantive due process claim in this proceeding. For Viridis Laboratories (the Lansing facility), the Michigan Court of Claims found that the recall of its product was not arbitrary and dismissed Viridis Laboratories' substantive due process claim. (*Id.* at 12-13 PageID.652-53.) Based on that finding, collateral estoppel precludes Viridis Laboratories from relitigating its substantive due process claim against these defendants in this lawsuit.

Finally, Plaintiffs argue that they did not have a full and fair opportunity to litigate their claims in the state court. Plaintiffs assert that the limited discovery and the speed with which the Michigan Court of Claims resolved the lawsuit demonstrates that the prior proceedings did not provide a full opportunity or a fair opportunity. The Court disagrees.

When considering the "full and fair opportunity to litigate" requirement, the Michigan Supreme Court directs courts to consider sections 28 and 29 of the Restatement (Second) on Judgments. *Monat,* 67 N.W.2d at 845 n.2. The Court also found that "no one set of facts, no one collection of words or phrases, will provide an automatic formula for proper

rulings on estoppel pleas. In the end, the decision will necessarily rest on the trial court's sense of justice and equity." *Id.* (quoting *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 333-34 (1971)). Plaintiffs have not identified which, if any, of the considerations contained in Sections 28 and 29 of the Restatement apply here. Neither have Plaintiffs suggested how more extensive discovery might produce an outcome different from the result in the Michigan Court of Claims. Plaintiffs had ample incentive to litigate the issues in the Michigan Court of Claims and had the opportunity to file an appeal. The equities of this case weigh in favor of applying collateral estoppel at least to the facts that were essential to the judgment.

## IV.

The prior lawsuit in the state courts involving Plaintiffs and the State of Michigan precludes Plaintiffs from relitigating some of the matters raised here. Because the Michigan Court of Claims lacked jurisdiction over the individual capacity claims against these four defendants, res judicata does not provide any basis for dismissing the claims in this lawsuit. However, because the facts underlying many of the claims in this lawsuit were actually litigated and were necessary to the judgment, collateral estoppel provides a basis for precluding Plaintiffs' from relitigating those facts. Defendants have demonstrated that claim preclusion requires this Court to dismiss all of the claims brought in this lawsuit except for Viridis North's claim for a violation of substantive due process.

## ORDER

Consistent with the accompanying Opinion, the Court **GRANTS IN PART and DENIES IN PART** Defendants' motion to dismiss.  (ECF No. 3.)  The Court dismisses all of Plaintiffs' claims except for Plaintiff Viridis North's claim for violation of its substantive due process rights.  **IT IS SO ORDERED.**

Date:    October 27, 2022                                    /s/  Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          United States District Judge