UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VIRIDIS LABORATORIES, LLC, a Michigan limited liability company, and VIRIDIS NORTH, LLC, a Michigan limited liability company, | No. 1:22-cv-283 |
| Plaintiffs, | HON. PAUL MALONEY |
| v | MAG. JUDGE PHILLIP J. GREEN |
| JULIE KLUYTMAN, an individual, DESMOND MITCHELL, an individual, ALLYSON CHIRIO, an individual, and CLAIRE PATTERSON, an individual, | **DEFENDANTS' MOTION FOR RECONSIDERATION OF OCTOBER 27, 2022 OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS** |
| Defendants. | |

---

| | |
|---|---|
| David R. Russell (P68568) | Erika N. Marzorati (P78100) |
| Brandon M. H. Schumacher (P82930) | Adam M. Leyton (P80646) |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| FOSTER, SWIFT, COLLINS & SMITH, P.C. | Michigan Department of |
| 313 S. Washington Square | Attorney General |
| Lansing, MI 48933 | Licensing and Regulation Division |
| (517) 371-8150 | 525 West Ottawa Street |
| drussell@fosterswift.com | P.O. Box 30758 |
| bschumacher@fosterswift.com | Lansing, Michigan 48909 |
| | (517) 335-7569 |
| Kevin M. Blair (P76927) | marzoratie1@michigan.gov |
| Co-Attorney for Plaintiffs | leytona1@michigan.gov |
| HONIGMAN, LLP | |
| 222 N. Washington Square, Suite 400 | |
| Lansing, MI 48933 | |
| (517) 377-0716 | |
| kblair@honigman.com | |

_____/

**DEFENDANTS' MOTION FOR RECONSIDERATION OF OCTOBER 27, 2022
OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS**

Defendants Julie Kluytman, Desmond Mitchell, Allyson Chirio, and Claire Patterson, by counsel, move this Court to reconsider its October 27, 2022 Opinion and Order Granting in Part Motion to Dismiss under W.D. Mich. LCivR 7.4, and for that motion state:

1. On October 27, 2022, this Court found that res judicata did not preclude Plaintiffs' federal procedural due process, substantive due process, and equal protection claims brought pursuant to 42 U.S.C. § 1983. (PageID.902-905.) While the Court dismissed some of the claims pursuant to collateral estoppel, it did not dismiss Plaintiff Viridis North's substantive due process claim brought under § 1983. (PageID.908.)

2. As this Court is aware, Plaintiffs previously sued the Defendants' privy (the Michigan Cannabis Regulatory Agency) in the Michigan Court of Claims and received final decisions on the merits for each claim that is now before this Court.

3. Although the Court of Claims lacked jurisdiction to hear the federal constitutional claims brought against these individual-capacity Defendants under a § 1983 theory, the Court of Claims still decided the very claims that Plaintiffs now seek to re-litigate in this Court.

4. Michigan law is clear: Plaintiffs may not change the theory of their litigation or change the forms of requested relief to circumvent the preclusive effects of res judicata. *Adair v. Michigan*, 680 N.W.2d 386, 398 (Mich. 2004).

5. Moreover, in an almost identical case, this Court held that res judicata precluded re-litigation of a federal constitutional claim under a § 1983 theory

because plaintiff already received a final decision on the merits of the claim in a Michigan court. *Falk v. State Bar of Mich.*, 631 F. Supp. 1515, 1518-21 (W.D. Mich. 1986), *aff'd*, 815 F.2d 77 (6th Cir. 1987) (unpublished table opinion). The fact that the Michigan court lacked jurisdiction to entertain a § 1983 theory or award monetary relief pursuant to a § 1983 theory did not change this analysis. *Id.*

6. In its October 27, 2022 order, this Court deviated from the holding in *Falk* despite its direct applicability to the case at hand. Instead, this Court relied on the narrow exception to res judicata articulated in *Pierson Sand & Gravel, Inc. v. Keeler Brass Co.*, 596 N.W.2d 153, 155-56 (Mich. 1999).

7. Viewing the res judicata principles articulated in *Adair* and *Falk*, the Court should reconsider its prior decision, find that res judicata bars Plaintiffs' claims, and dismiss Plaintiffs' lawsuit in its entirety. *See* W.D. Mich. LCivR 7.4. The Court's reliance on *Pierson*, without addressing or distinguishing the *Falk* decision, is a palpable defect that merits reconsideration.[1] *Id.*

8. Pursuant to W.D. Mich. LCivR 7.1(d), the undersigned emailed Plaintiffs' counsel on November 10, 2022 to ascertain whether this motion would be opposed. Plaintiffs' counsel did not respond to the request. Thus, Defendants ascertain that the motion will be opposed.

Wherefore, for the reasons stated above and discussed more fully in the accompanying brief, Defendants respectfully request that this Honorable Court

---

[1] Defendants do not seek reconsideration of the Court's application of collateral estoppel.

grant this motion for reconsideration and issue an order dismissing Plaintiffs' lawsuit in its entirety pursuant to res judicata.

                                              Respectfully submitted,

                                              s/ Adam M. Leyton
                                              Adam M. Leyton (P80646)
                                              Erika N. Marzorati (P78100)
                                              Assistant Attorneys General
                                              Attorneys for Defendants
                                              Michigan Department of Attorney General
                                              Licensing & Regulation Division
                                              525 West Ottawa Street
                                              P.O. Box 30758
                                              Lansing, Michigan 48909
                                              (517) 335-7569
                                              leytona1@michigan.gov
                                              marzoratie1@michigan.gov
Dated: November 10, 2022           P80646; P78100

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2022, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                                               Respectfully submitted,

                                               s/ Adam M. Leyton
                                               Adam M. Leyton (P80646)
                                               Erika N. Marzorati (P78100)
                                               Assistant Attorneys General
                                               Attorneys for Defendants
                                               Michigan Department of Attorney General
                                               Licensing & Regulation Division
                                               525 West Ottawa Street
                                               P.O. Box 30758
                                               Lansing, Michigan 48909
                                               (517) 335-7569
                                               leytona1@michigan.gov
                                               marzoratie1@michigan.gov
Dated: November 10, 2022             P80646; P78100

LF: 2022-0342761-B / Viridis Laboratories et al v Kluytman (USDC-WD) / Defendants' Motion for Reconsideration / 2022-11-10