UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VIRIDIS LABORATORIES, LLC and VIRIDIS NORTH, LLC, <br>             Plaintiffs, <br> -v- <br> JULIE KLUYTMAN, *et al*, <br>             Defendants. | No. 1:22-cv-283 <br><br> Honorable Paul L. Maloney |

## ORDER DENYING MOTION FOR RECONSIDERATION

Defendants filed a motion to dismiss on the basis of res judicata and collateral estoppel. The Court denied the motion. Defendants then filed this motion for reconsideration insisting that Michigan law requires dismissal of this lawsuit on the basis of res judicata. (ECF No. 15.) The Court will deny the motion.

A.

Under the Local Rule of Civil Procedure for the Western District of Michigan, a court may grant a motion for reconsideration when the moving party demonstrates both a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. Mich. LCivR 7.4(a). The decision to grant or deny a motion for reconsideration under this Local Rule falls within the district court's discretion. *See Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 691 (6th Cir. 2012) (citation omitted). The palpable defect standard does not expand the authority of the district court to reconsider an earlier order; it is merely

consistent with a district court's inherent authority. *See Tiedel v. Northwestern Michigan Coll.*, 865 F.2d 88, 91 (6th Cir. 1988).

The Sixth Circuit has held that "'[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). A party seeking reconsideration of an interlocutory order must show (1) an intervening change in the controlling law, (2) new evidence previously not available, or (3) a need to correct error to prevent manifest injustice. *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citing *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F.App'x 949, 959 (6th Cir. 2004). The decision to grant or deny a motion for reconsideration of an interlocutory order falls within the discretion of the district court. *Rodriguez*, 89 F. App'x at 952 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)).

B.

In the decision denying Defendants' motion to dismiss, the Court concluded that res judicata did not apply because Plaintiffs could not have brought the individual capacity claims against Defendants in the prior lawsuit. (ECF No. 13 Opinion and Order at 7-8 PageID. 904-05.) Plaintiffs actually did include the individual capacity claims in the prior lawsuit and the claims were dismissed by the Michigan Court of Claims for lack of subject-matter jurisdiction. As authority, this Court relied on *Pierson Sand and Gravel, Inc. v. Keeler Brass Co.*, 596 N.W.2d 153, 155-56 (Mich. 1999); *Bergeron v. Busch*, 579 N.W.2d 124, 129

(Mich. Ct. App. 1998), *King v. Michigan Consol. Gas Co.*, 442 N.W.2d 714, 716 (Mich. Ct. App. 1989) and Restatement (Second) on Judgment § 25(e).

Defendants now argue that res judicata applies even in this situation, citing *Falk v. State Bar of Michigan*, 631 F. Supp. 1515 (W.D. Mich. 1986), *affirmed* 815 F.2d 77 (6th Cir. 1987). The *Falk* opinion and the subsequent unpublished affirmation occurred several years before the state courts issued their opinions in *Pierson Sand*, *Bergeron*, and *King*. For res judicata, this Court must determine how the state courts would apply the decision issued by the Michigan Court of Claims. Following the more recent state court opinions, which specifically refer to § 25(e) of the Restatement (Second) on Judgments, the state courts would likely not find that Plaintiffs' individual capacity claims are precluded under res judicata. The Court, therefore, declines to follow *Falk*. The Court concludes that because the Michigan Court of Claims could not exercise subject matter jurisdiction over the claims brought in this lawsuit, this lawsuit can proceed under the narrow exception to res judicata outlined in the authority cited in this Court's earlier opinion and order.

Section 25(e) of the Restatement (Second) of Judgments applies regardless of the forum in which the first lawsuit was filed. *Pierson Sand*, *Bergeron*, and *King* all involved an initial lawsuit in federal court and a subsequent lawsuit in the state courts. Comment (e) to Section 25 is not limited to federal-first lawsuits; the comment addresses situations where the court in first lawsuit—in either federal or state courts—lacks jurisdiction or declines to exercise jurisdiction. In this Court's view, the Michigan Supreme Court would not apply § 25(e) only in situations where the first lawsuit was filed in federal courts.

4

The Court finds that *Adair v. Michigan*, 680 N.W.2d 386 (Mich. 2004) does not require a different outcome. In *Adair*, the Michigan Supreme Court clarified that for the third element of res judicata (whether the claim was or could have been resolved in the first case, *id.* at 397), courts should apply the "same evidence" test. *Id.* Unlike the plaintiffs in *Adair*, Plaintiffs here *could not* bring their § 1983 individual capacity claims in the first lawsuit.

Accordingly, the Court **DENIES** Defendants' motion for reconsideration. (ECF No. 15). **IT IS SO ORDERED.**

Date:   November 29, 2022                                    /s/ Paul L. Maloney
                                                                                                  Paul L. Maloney
                                                                                               United States District Judge