UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRIDIS NORTH, LLC,[1]
a Michigan limited liability company,

    Plaintiff,

v

JULIE KLUYTMAN, an individual,
DESMOND MITCHELL, an individual,
ALLYSON CHIRIO, an individual, and
CLAIRE PATTERSON, an individual,

    Defendants.

No. 1:22-cv-283

HON. PAUL MALONEY

MAG. JUDGE PHILLIP J. GREEN

**ORAL ARGUMENT REQUESTED**

**EXPEDITED CONSIDERATION REQUESTED**

David R. Russell (P68568)
Brandon M. H. Schumacher (P82930)
Attorneys for Plaintiff
FOSTER, SWIFT, COLLINS & SMITH, P.C.
313 S. Washington Square
Lansing, MI 48933
(517) 371-8150
drussell@fosterswift.com
bschumacher@fosterswift.com

Kevin M. Blair (P76927)
Co-Attorney for Plaintiff
HONIGMAN, LLP
222 N. Washington Square, Suite 400
Lansing, MI 48933
(517) 377-0716
kblair@honigman.com

Erika N. Marzorati (P78100)
Adam M. Leyton (P80646)
Attorneys for Defendants
Michigan Department of
Attorney General
Licensing and Regulation Division
525 West Ottawa Street
P.O. Box 30758
Lansing, Michigan 48909
(517) 335-7569
marzoratie1@michigan.gov
leytona1@michigan.gov

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY

---

[1] The Court dismissed Viridis Laboratories, LLC as a party to this case in its October 27, 2022 Opinion and Order Granting in Part Motion to Dismiss.

Defendants Julie Kluytman, Desmond Mitchell, Allyson Chirio, and Claire Patterson, by counsel, move this Court to issue a protective order staying discovery under Fed. R. Civ. P. 26(c)(1)(B), and for that motion state:

1. On February 18, 2022, Viridis Laboratories, LLC and Viridis North, LLC filed a complaint alleging that Defendants, four current and former Michigan Cannabis Regulatory Agency (CRA)[2] employees, violated their due process and equal protection rights under the United States Constitution. (PageID.7-46.)

2. On October 27, 2022, this Court issued an opinion and order granting in part Defendants' motion to dismiss; the Court dismissed all claims asserted in the complaint except for Plaintiff Viridis North's substantive due process claim brought under 42 U.S.C. § 1983. The Court denied Defendants' motion for reconsideration on November 29, 2022. (PageID.997-1000.)

3. On November 10, 2022, Defendants filed their answer to the complaint. (PageID.930-991.) Defendants' answer included the affirmative defenses of failure to state a claim upon which relief can be granted and qualified immunity. (PageID.991.)

4. On December 20, 2022, Defendants filed a dispositive motion pursuant to Fed. R. Civ. P. 12(c).

---

[2] The Marijuana Regulatory Agency was renamed the Cannabis Regulatory Agency under Executive Reorganization Order No. 2022-1, effective April 13, 2022. MCL 333.27002(1)(a).

5.    The motion and accompanying brief argue that, even taking Plaintiff's factual allegations as true, Plaintiff has not stated a federal substantive due process claim upon which this Court can grant relief.

6.    Moreover, Defendants' Rule 12(c) motion and brief aver that Plaintiff's complaint should be dismissed because qualified immunity bars Plaintiff's federal substantive due process claim in this Court.

7.    Simultaneous to filing the Rule 12(c) motion, Defendants also filed this motion for a protective order seeking a stay of discovery until the legal issues identified in the dispositive motion are resolved.

8.    A stay of discovery is appropriate for two reasons.

9.    First, discovery should not be allowed until the Court resolves the threshold issue of the Defendants' entitlement to qualified immunity. *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526-27 (6th Cir. 2002) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is intended to protect government officials from the "rigors" of litigation, "including the potential disruptiveness of discovery." *Everson v. Leis*, 556 F.3d 484, 490-91 (6th Cir. 2009). Accordingly, until the issue of Defendants' qualified immunity is resolved, Defendants should be afforded all the protections of their immunity, including avoiding the unnecessary burden of engaging in discovery.

10.   Second, discovery should not be allowed because Defendants' Rule 12(c) motion challenges the legal sufficiency of Plaintiff's substantive due process claim based on the pleadings alone. Pretrial limitations on discovery, such as those requested via this motion, are appropriate because Plaintiff's claim is subject to

dismissal "based on legal determinations that could not [be] altered by any further discovery." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). Accordingly, staying discovery pending a decision on Defendants' Rule 12(c) motion is appropriate.

11. Pursuant to W.D. Mich. LCivR 7.1(d), on December 20, 2022, the parties conferred regarding the arguments presented in this motion. Plaintiff did not concur in the relief sought.

12. If the Court decides Defendants' Rule 12(c) motion or Defendants are required to engage in discovery before this motion is fully briefed, the relief requested in this motion would be rendered moot. Thus, expedited consideration is necessary. *See* W.D. Mich. LCivR 7.1(e).

WHEREFORE, for the reasons stated above and discussed more fully in the accompanying brief, Defendants respectfully request that this Honorable Court grant this motion and issue a protective order under Fed. R. Civ. P. 26(c)(1)(B) staying all discovery until the Court has ruled on the issues raised in Defendants' pending Motion for Judgment on the Pleadings.

                                Respectfully submitted,

                                *s/ Adam M. Leyton*
                                Adam M. Leyton (P80646)
                                Erika N. Marzorati (P78100)
                                Assistant Attorneys General
                                Attorneys for Defendants
                                Michigan Department of Attorney General
                                Licensing & Regulation Division
                                525 West Ottawa Street
                                P.O. Box 30758
                                Lansing, Michigan 48909
                                (517) 335-7569
                                leytona1@michigan.gov
                                marzoratie1@michigan.gov
Dated: December 20, 2022        P80646; P78100

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2022, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                                                Respectfully submitted,

                                                *s/ Adam M. Leyton*
                                                Adam M. Leyton (P80646)
                                                Erika N. Marzorati (P78100)
                                                Assistant Attorneys General
                                                Attorneys for Defendants
                                                Michigan Department of Attorney General
                                                Licensing & Regulation Division
                                                525 West Ottawa Street
                                                P.O. Box 30758
                                                Lansing, Michigan 48909
                                                (517) 335-7569
                                                leytona1@michigan.gov
                                                marzoratie1@michigan.gov
Dated: December 20, 2022          P80646; P78100

LF: 2022-0342761-B / Viridis Laboratories et al v Kluytman (USDC-WD) / Defendants' Motion for Reconsideration / 2022-12-20