UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VIRIDIS LABORATORIES, LLC and ) <br> VIRIDIS NORTH, LLC, ) <br> Plaintiffs, ) <br> ) <br> -v- ) <br> ) <br> JULIE KLUYTMAN, *et al.*, ) <br> Defendants. ) <br> ) | No. 1:22-cv-283 <br><br> Honorable Paul L. Maloney |

## ORDER DENYING MOTION TO STAY DISCOVERY

Defendants filed a motion to stay discovery (ECF No. 27). The Court will deny the motion.

Defendants seek a stay of all discovery under Rule 26(c)(1)(B) of the Federal Rules of Civil Procedure. The rule allows the Court to "for good cause, issue an order to protect a party or person from . . . undue burden or expense, including . . . specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery[.]" Contemporaneous with the motion to stay discovery, Defendants filed a motion for judgment on the pleadings in which they assert qualified immunity. Defendants argue that both the United States Supreme Court and the Sixth Circuit have found that qualified immunity can serve as a basis for staying discovery. *See Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009) ("As the Supreme Court recently reiterated, questions of qualified immunity should be resolved 'at the earliest possible stage in litigation,' or else the 'driving force' behind the immunity—avoiding unwarranted discovery and other litigation costs—will be defeated.") (quoting *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009)).

Devoid of context, Defendants position finds support in Sixth Circuit precedent. When placed in the context of the on-going disputes between these parties, the Court finds that Defendants have not established good cause for the relief they request.

First, this federal lawsuit is not the only litigation between Plaintiffs and the regulatory agency that employs the defendants, the entity currently titled the Cannabis Regulatory Agency. Plaintiffs initially sued the regulatory agency and these defendants in the Michigan Court of Claims. The individual defendants were dismissed from that lawsuit and ultimately the agency prevailed. Discovery occurred during that litigation, discovery that involved the disclosure of "tens of thousands of pages" (ECF No. 31-2 PageID.1090). In addition to the lawsuit in the Court of Claims, Plaintiffs also initiated a proceeding against the agency through the Michigan Office of Administrative Hearings and Rules (MOAHR), a proceeding in which the Administrative Law Judge has authorized discovery (ECF No. 31-3).

Second, as part of this litigation the parties already agreed to begin discovery and proposed a schedule for that discovery. Before filing an answer to the complaint, Defendants filed a motion to dismiss asserting both claim and issue preclusion. The Court granted the motion in part and denied the motion in part. Defendants filed their answer to the complaint. The parties then submitted a joint status report in preparation for Rule 16 conference (ECF No. 21). In that joint status report, the parties "agreed to the following discovery plan" (*id.* Page ID.1007) and outlined a schedule for discovery that began on January 2, 2023, and ends on July 31, 2023. Following the Rule 16 conference, the Magistrate Judge issued a case management order that included the discovery schedule proposed by the parties (ECF No. 23).

Viewing Defendants' motion in light of this history, the Court finds that Defendants have not established good cause to stay discovery under the rule on which Defendants rely. "To sustain a protective order under Rule 26(c), the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)).  Relevant to the events giving rise to this lawsuit, Defendants have already been subject to the burdens and expenses of litigation.  The particular timing of Defendants' motion to stay also demands more than the broad assertions of the burden of litigation contained in their brief.  Defendants *agreed* to the current discovery schedule.  Defendants agreed to the schedule with the knowledge that they would immediately ask the Court to abandon that schedule.  This sort of litigation strategy wastes the time and resources of the parties and the Court.  Further undermining Defendants' argument, the parties have explicitly agreed that "any discovery previously conducted in any corollary state-court or administrative proceedings will be used in this case and shall not be duplicated, to the extent feasible" (ECF No. 21 PageID.1008).

Accordingly, the Court **DENIES** Defendants' motion for a protective order staying discovery (ECF No. 26).  **IT IS SO ORDERED.**

Date:   January 6, 2023                                         /s/  Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                    United States District Judge