UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRIDIS LABORATORIES, LLC, et al.,

    Plaintiffs,                                   Hon. Paul L. Maloney

v.                                                        Case No. 1:22-cv-283

JULIE KLUYTMAN, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings. (ECF No. 24). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

**BACKGROUND**

Plaintiffs Viridis Laboratories, LLC and Viridis North, LLC are "marijuana safety compliance facilities" licensed by the Michigan Marijuana Regulatory Agency (MRA) to "sample and test adult-use and medical cannabis products." Plaintiffs initiated this action in state court against four individuals employed by the MRA. Plaintiffs alleged that Defendants improperly, and without support, conducted a recall of marijuana products tested by Plaintiffs thereby harming Plaintiffs' business. Specifically, Plaintiffs allege that Defendants violated their Fourteenth Amendment procedural due process, substantive due process, and equal protection rights.

-1-

Defendants subsequently removed the action to this Court after which they sought to dismiss Plaintiffs' claims on res judicata and collateral estoppel grounds. (ECF No. 3). The Honorable Paul L. Maloney granted in part Defendants' motion. Specifically, Judge Maloney dismissed on collateral estoppel grounds all Plaintiffs' claims except the substantive due process claims asserted by Plaintiff Viridis North. (ECF No. 13). Defendants now move to dismiss these remaining claims. Plaintiff has responded. The Court finds that oral argument is unnecessary. *See* W.D. MICH. LCIVR 7.2(d).

## **LEGAL STANDARD**

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The standard applicable to such a motion is the same Rule 12(b)(6) standard that the Court applied when conducting its initial review of Plaintiff's complaint. *See, e.g., Equal Employment Opportunity Commission v. Georgina's, LLC*, 2020 WL 7090215 at *1 (W.D. Mich., Dec. 4, 2020) (citations omitted).

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief

above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

The Fourteenth Amendment provides, in part, that "[n]o State shall. . .deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  The Due Process Clause embodies both procedural and substantive protections. *See, e.g., Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014).  While procedural due process is concerned with the adequacy of the procedures by which a deprivation occurs, substantive due process prohibits certain deprivations regardless of the adequacy of the procedures employed.  But substantive due process only "protects a narrow class of interests," specifically: (1) rights enumerated in the Constitution; (2) matters "so rooted in the traditions of the people as to be ranked fundamental; and (3) freedom from government actions which "shock the conscience."  *Ibid.*

To state a claim for violation of its substantive due process rights, Plaintiff must "demonstrate a deprivation of a constitutionally protected liberty or property interest." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017).  While Plaintiff's "underlying substantive interest [may be] created by an independent source such as state law, *federal constitutional law* determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause."  *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855-56 (6th Cir. 2012) (emphasis in original).  Plaintiff alleges that it has a property interest in its license to perform marijuana safety tests and a liberty interest to engage in this endeavor.  (ECF No. 1-1,  PageID.41).  While the State of Michigan may recognize and protect these interests, federal law does not.

-4-

The State of Michigan has legalized the possession and use of marijuana, but "under the federal Controlled Substances Act (CSA), it is illegal for any private person to possess marihuana *for any purpose*." *Hoover v. Michigan Department of Licensing and Regulatory Affairs*, 2020 WL 230136 at *9 (E.D. Mich., Jan. 15, 2020) (emphasis added). Accordingly, "under federal law, marihuana is contraband per se, which means that no person can have a cognizable legal interest in it." *Ibid.*; *see also, Salazar v. City of Adelanto*, 2020 WL 5778122 (C.D. Cal., Aug. 31, 2020) ("[t]he Supreme Court has long maintained that, outside the search and seizure context, no person can have a legally protectable property interest in per se contraband"); *Borges v. County of Mendocino*, 506 F.Supp.3d 989, 998 (N.D. Cal. 2020) ("federal law does not recognize any protectable liberty or property interest in the cultivation, ownership, or sale of marijuana. Even though state law creates a property interest, not all state-created rights rise to the level of a constitutionally protected interest"); *Georgia Atlas, Inc. v. Turnage*, 594 F.Supp.3d 1339, 1344-45 (N.D. Ga. 2022) (same) (collecting cases).

Plaintiff argues that it has a protected property interest in the license the State of Michigan issued to it to perform marijuana testing as well as a protected liberty interest to engage in this activity. As Defendants argue, however, these alleged interests do not exist in a vacuum. The license which the State of Michigan issued to Plaintiff authorizes Plaintiff to perform testing on a product which the United States has prohibited and characterized as illegal contraband. While there may exist a general

right to engage in the profession of one's choice, the Court cannot simply ignore the fact that Plaintiff's profession centers on a product which the United States has outlawed.

It is simply not possible, in this context, to divorce the general liberty and property interests asserted by Plaintiff from the product around which Plaintiff's alleged property and liberty interests revolve.  *See, e.g., Palmer v. Montana Department of Health and Human Services*, 2022 WL 457456 at *3 (D. Montana, Feb. 15, 2022) ("no private person can have a cognizable property interest in marijuana, even where the state has decriminalized its possession, cultivation, and/or sale. . .Plaintiff's profession, license and good will cannot be considered in isolation.  They all revolve around the cultivation, possession and distribution of marijuana, which is unlawful under federal law").  That Plaintiff's participation in the marijuana business may be limited to "testing" or other matters allegedly peripheral to the distribution, sale, or consumption of marijuana does not alter the fact that Plaintiff's license and chosen activity concern a product that is illegal under federal law.  As such, federal law simply does not recognize the property or liberty interests Plaintiff seeks to vindicate here.

The undersigned, therefore, finds that Plaintiff's allegations concerning an alleged violation of its Fourteenth Amendment substantive due process rights fail to state a claim on which relief may be granted.  Accordingly, the undersigned recommends that Defendants' motion to dismiss be granted.  Furthermore, even were the Court inclined to recognize the liberty or property interests at issue, the result would be the same as Defendants are entitled, in the alternative, to qualified immunity.

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). They can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages and if unjustified lawsuits are quickly terminated. *Ibid*. When government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996).

For a right to be clearly established there must exist "binding precedent from the Supreme Court, the Sixth Circuit, the district court itself, or other circuits that is directly on point." *Wenk v. O'Reilly*, 783 F.3d 585, 598 (6th Cir. 2015) (citation omitted). Court decisions examining matters at a "high level of generality" do not constitute clearly established law because such "avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Ibid.* (citation omitted). The plaintiff need not locate authority in which "the very action in question has previously been held unlawful," but "in light of pre-existing law the unlawfulness [of the defendant's actions] must be apparent." *Ibid.* (citation omitted). This does not require the plaintiff to identify "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Where a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff "to demonstrate both that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.'" *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (quoting *al-Kidd*, 563 U.S. at 741. Plaintiff has failed to identify any authority holding, or even suggesting, that it possesses a federally recognized property or liberty interest in the testing, assessment, or analysis of marijuana even in states where such is legal under state law. Likewise, the Court has identified no such authority. Accordingly, the undersigned recommends, in the alternative, that Defendants are entitled to qualified immunity.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Judgment on the Pleadings (ECF No. 24) be granted and this action terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

        Respectfully submitted,

Date: June 20, 2023        /s/ Phillip J. Green
        PHILLIP J. GREEN
        United States Magistrate Judge