UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Viridis Laboratories, LLC and Viridis North, LLC, <br> Plaintiffs, <br> -v- <br> Julie Kluytman, *et al.*, <br> Defendants. | No. 1:22-cv-283 <br><br> Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Defendants filed a motion for judgment on the pleadings seeking to dismiss the remaining claim in this lawsuit, the allegation that Defendants violated Plaintiff Viridis North's substantive due process rights protected by the Fourteenth Amendment. The Magistrate Judge issued a report recommending the Court grant Defendants' motion (ECF No. 78). Plaintiff objects. The Court agrees with the Magistrate Judge's analysis of the property interest underlying this lawsuit and will adopt the report and recommendation and will grant Defendants' motion.

I.

A.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a

de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

B.

Under Michigan law, adults can legally purchase, possess and consume marijuana. Plaintiff Viridis North describes itself as a "marijuana safety compliance facility" with a license issued by the relevant state authority to "sample and test adult-use and medical marijuana cannabis products" (ECF No. 1-1 Compl. ¶ 17 PageID.11). Plaintiff alleges that Defendants issued an arbitrary and unsubstantiated recall of products tested by Plaintiff between August 10, 2021, and November 16, 2021. Plaintiff further alleges that Defendants prohibited Plaintiff from performing any microbial testing as a result of the recall. In count 2 of the complaint, Plaintiff pleads that it has vested property interest in its license and a liberty interest to engage in its chosen profession and that Defendants' conduct violated the due process clause of the Fourteenth Amendment.

1. The Magistrate Judge concluded that our federal Constitution does not recognize or protect the interests giving rise to Plaintiff's substantive due process claim.

Plaintiff objects. The Court overrules Plaintiff's objection. Under the federal Controlled Substances Act (CSA), private individual may not possess marijuana. 21 U.S.C. § 812(c)(10) and § 844(a). Our Supreme Court has held that the "CSA designates marijuana as contraband for *any* purpose." *Gonzales v. Raich*, 545 U.S. 1, 27 (2005) (italics in original). And, the CSA states that "[a]ll controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter" are "subject to forfeiture to the United States and no property right shall exist in them[.]" 21 U.S.C. § 881(a)(1).

Plaintiff's arguments in its objection are not persuasive. The cases cited by Plaintiff to show that it has cognizable property and liberty interests do not involve situations where state law permits an activity and federal law prohibits that activity. Plaintiff argues that the cases cited by the Magistrate Judge involve the purchase and sale of marijuana products, not state-issued licenses. The reasoning in the cases cited by the Magistrate Judge applies. Federal law considers marijuana to be contraband for *any* purpose; Plaintiff cannot possesses marijuana for the purpose of testing it. Plaintiffs argues that federal regulations, 21 C.F.R. § 1301.24, contain CSA exceptions for law enforcement and for laboratories. Plaintiff, however, is not a member of law enforcement nor is Plaintiff a "law enforcement laborato[y]." 21 C.F.R. § 1301.24(c).

Plaintiff also argues that federal courts have applied dormant Commerce Clause law to a state's regulation of marijuana, without discounting the constitutional challenge on the basis of the CSA. *See Lowe v. City of Detroit*, 544 F. Supp. 3d 804 (E.D. Mich. 2021); *NPG , LLC v. City of Portland*, No. 2:20cv208, 2020 WL 4741913 (D. Me. Aug. 14, 2020). But, at least one federal court has rejected the same argument. *See Brinkmeyer v. Washington State Liquor and Cannabis Bd.*, No. C20-5661, 2023 WL 1798173, *10-*11 (W.D. Wash. Feb. 7, 2023). ("Similarly, citizens do not have a legal interest in participating in a federally illegal market. It is not clear to this Court how the dormant Commerce Clause can be read to protect *illegal* interstate commerce. The Supremacy Clause, preemption, general principles of federalism, and common sense suggest it does not."). The Court notes that both *Lowe* and *NPG* involved motions for preliminary injunctions where the district court

considered only the likelihood of success on the merits; the opinions did not make a ruling on the merits of a dormant Commerce Clause challenge.[1]

2. The Magistrate Judge concluded that Defendants are entitled to qualified immunity because the right underlying Plaintiff's claim was not clearly established. The Magistrate Judge found that Plaintiff had not met its burden.

Plaintiff objects. The Court overrules Plaintiff's objection. Plaintiff has not identified authority to support the conclusion that Defendants had fair notice that Plaintiff had a federally recognized property right or liberty interest relevant to this lawsuit. The Supreme Court has not addressed the question of property rights or liberty interests in state-issued marijuana licenses. The Sixth Circuit has not addressed the question of property rights in state-issued marijuana licenses. Most district courts have rejected the conclusion that a private individuals can have a federally recognized property or liberty interest in a state-issued license for participating the marijuana market.

3. Plaintiff requests the Court clarify that the motion does not resolve a claim for violation of substantive due process brought under the Michigan Constitution. The Court declines to make any such clarification as it is not a proper objection. The R&R speaks for itself.

---

[1] The Court must acknowledge the holding in *Northeast Patients Group v. United Cannabis Patients and Caregivers of Maine*, 45 F.4th 542 (1st Cir. 2022), a case not cited by Plaintiff. The First Circuit found that the dictates of CSA, which criminalizes the possession and use of marijuana, did not preclude application of the dormant Commerce Clause to Maine's licensing scheme for medical marijuana licensing. *Id.* at 557-58. The Court finds persuasive the reasoning in Judge Gelpí's dissent: "It is here that I part ways with the majority, because I disagree that the test we have developed for the nine-run of dormant Commerce Clause cases applies automatically or with equal vigor when the market in question is illegal as a matter of federal law." *Id.* at 558.

## II.

For the reasons provided above, the Court **ADOPTS** as its Opinion the Report and Recommendation (ECF No. 78).  The Court **GRANTS** Defendant's motion for judgment on the pleadings (ECF No. 24).  **IT IS SO ORDERED.**

Date:   July 31, 2023                                             /s/  Paul L. Maloney
                                                                                           Paul L. Maloney
                                                                                          United States District Judge